[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE (1) MOTION FOR COMPUTATION OF INTEREST DATED 4/9/01 AND (2) OBJECTION TO DEFENDANTS' COMPUTATION OF INTEREST DATED 4/17/01
CT Page 16133 1.
Surviving defendant Marilyn DeMaria "claims interest due from June 30, 1986 to the date of the filing of the memorandum of decision at the rate of ten (10%) per annum on the 1986 value of the subject property." The court's Memorandum of Decision was filed March 29, 2001.
This motion claims interest is due and computed pursuant to § 37-3a
of the General Statutes in the amount of $76,666.75 at the rate of $14.25 per day.
 2.
The plaintiff promptly objected to defendants' computation of interest. The claim of inverse condemnation was specifically rejected in the Memorandum of Decision filed on March 29, 2001. The court determined the value of the property as recorded in its said decision based on the testimony and evidence.
The plaintiff's objection maintains that the proper date from which to calculate interest is the date of judgment, i.e., March 29, 2001. This objection distinguishes §§ 37-3a and 37-3c of General Statutes. The calculation by defendant relying on § 37-3a is incorrect as § 37-3c
specifically addresses the Rate of Interest recoverable in condemnation cases. It is apparent from the pleadings, evidence and the procedural circumstances attending the same, i.e., statutory history of § 37-3c
that the parties had substantial and sufficient knowledge of the intent of the Legislature in enacting § 37-3c as presently stated. The City is required by law to follow the true intent of § 37-3c. Interest must be computed on the amount of compensation awarded in the Memorandum of Decision filed on March 29, 2001.
The parties both know from that date that surviving defendant was entitled to interest on the $52,000. Briefs were invited to record claims of each party under § 37-3c as a matter of fairness.
The surviving defendant is not by law foreclosed from recovering her debt plus interest as that computation and the time intent of that statute had to determine.
The rate of interest under § 37-3c is found to be 2.39% to run from the date of the Memorandum of Decision. (See Exhibit A of City of Meriden's Brief Regarding Interest dated 10/27/2000). The court CT Page 16134 determined the value of the property to be $52,000 in its Memorandum of Decision on file. That "Judgment" is recorded as filed on March 29, 2001 and "copies sent to all counsel of record 3/29/01." (Item 121).
Surviving defendant is entitled to recover her debt on the amount of the judgment according to the true intent of § 37-3c as stated above, i.e., 2.39% on $52,000 starting as of March 29, 2000.
The Judgment may be amended to reflect said findings.
John N. Reynolds, Judge Trial Referee